No. 23-6207

_____

IN THE UNITED STATES DISTRICT COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____


UNITED STATES OF AMERICA

Plaintiff - Appellee

V.

JOSEPH MALDONADO – PASSAGE

Defendant – Appellant

_____

On Appeal From The United States District Court

For The Western District of Oklahoma

_____

# REPLY BRIEF OF APPELLANT MALDONADO-PASSAGE

Roger Roots
John Pierce Law, P.C.
113 Lake Drive East
Livingston, MT 59047
(406) 222-4965  Cell:  (775) 764-9347
rroots@johnpiercelaw.com
*Counsel for Petitioner Joseph Maldonado-*
*Passage a/k/a Maldonado a/k/a Joe Exotic*

Appellant Joseph Maldonado-Passage ("Maldonado") submits this Reply Brief to address a handful of issues. None of the government's arguments overcome Maldonado's newly discovered evidence, which plainly merit a new trial.

The government's conduct in Maldonado's case (involving several agents and government-facilitating actors, the invention of the fake ID plan, the invention of the "bike path plan," the provision of Glover as a possible "hit man, and later, when the Glover idea went nowhere, the introduction of "Mark" as would-be hitman") provides an extreme example of government manipulation.

Contrary to the government's assertions, it *does* matter who initially proposes a crime when a defendant asserts entrapment or outrageous government conduct. The government concedes that Mr. Garretson initiated several of the most important conversations which the government later used to convict Maldonado of crimes in this case. In fact, it was Garretson who first "mentioned that Mr. Glover might not be reliable and brought up the possibility of bringing in a potential hit man that Mr. Garretson knew." Appellee Brief p4.

**Maldonado was not predisposed to commit the crimes in this case.**

Nor did the government's case show actual, true, predisposition on Maldonado's part. The most the government can say is that "Mr. Maldonado

expressed his desire to have Mrs. Baskin killed long before the government was involved in this case." Appellee Br. 66. But expressing desire that a crime occur is not predisposition to commit a crime.

> Not being predisposed is not the same as not even being tempted. As we said in *Mayfield*, "a person who resists his baser urges is not 'predisposed' simply because he experiences them." 771 F.3d at 436. On this point, *Mayfield* followed the Supreme Court in *Jacobson v. United States*, where the Court explained that "a person's inclinations and 'fantasies … are his own and beyond the reach of government….'" 503 U.S. 540, 551–52 (1992) (citation omitted). Hence, we explained in *Mayfield*, a "mere desire, urge, or inclination" to engage in criminal conduct generally is not enough. . .

*United States v. Anderson*, 55 F.4th 545 (7th Cir. 2022).

Maldonado's case is not a run-of-the-mill entrapment story, such as where "an officer purchases drugs from a dealer and other officers immediately arrest the dealer"; or even a "sell-bust operation—in which the officer sells drugs to an individual, then arrests that person for possession of drugs." Nor was this a "sting operation where police operate a pawn shop and buy stolen merchandise from thieves." See Joseph A. Colquitt, "Rethinking Entrapment," 41 Am. Crim. L. Rev. 1398 (2005).

Just as in the 7th Circuit's *Anderson* case, *supra*, government agents initiated dozens if not hundreds of messages with Maldonado to try to overcome Maldonado's reluctance. And just as in the *Anderson* case, it was the government agent, not Maldonado, who first suggested a criminal liaison. The murder for hire

allegations against Maldonado constitute a classic, almost textbook, case of entrapment and outrageous government conduct. And the newly discovered evidence would have proven Maldonado's entrapment defense and led to his acquittal at trial.

**The newly discovered evidence regarding the tiger carcasses.**

It is difficult to imagine how withheld evidence could be more material than the tiger carcasses in this case. Not only do we now have the lead investigator's recorded words admitting that thwarting Maldonado's defense *was the reason* for withholding the evidence. But we have rock solid evidence from John Rehnke, the zoo manager most knowledgeable regarding the tigers, that the tiger carcasses would have supported Maldonado's innocence. And most significantly, the prosecuting attorney used her closing argument to knowingly falsely emphasize to the jury that the tigers were healthy when Maldonado euthanized them.

> They were adult tigers, and **there was nothing wrong with them.** Dylan West and Eric Cowie, who knew those cats, told you that. Dr. Tabitha Viner is a forensic veterinary pathologist with years of experience examining precisely this kind of evidence. **She examined their skulls and teeth and told you that, in her opinion, they were middle-aged and in normal health.** Dr. Joanne Green, the zoo's veterinarian, told you she

> didn't authorize Mr. Passage to shoot those animals and that
> Mr. Passage was only authorized to shoot animals when there was
> an extreme emergency.

Tr. Trans. p1061 (closing argument of Asst. U.S. Atty. Ms. Maxfield-Green) (emphasis added).

The newly discovered evidence in Maldonado's case—if it had been disclosed at the time of trial—would have caused the jury to acquit Maldonado.

**The government's immunity deals with Garretson, Glover, and Lowe.**

In Part V of its response brief, the government argues that Maldonado "failed to show" the immunity deals protecting Garretson, Glover, and other witnesses and figures in the case "were material." The government cites United States v. Cordova, 25 F.4th 817, 826 (10th Cir. 2022). "A defendant seeking a new trial based on a Brady/Giglio violation must show by a preponderance of the evidence that '(1) the prosecution suppressed evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material.'" Id. (quoting *United States v. Ahrensfield*, 698 F.3d 1310, 1319 (10th Cir. 2012)).

But a witness's false testimony of having no immunity is always material, because it deceives the jury regarding the true bias of the witness.

Maldonado's jury was tricked into thinking that Glover and Garretson were altruistic witnesses testifying without bias.

## CONCLUSION

For all the reasons stated in Maldonado's opening brief, Maldonado is entitled to, and requests, a new trial based on the newly discovered evidence in this case.

November 14, 2024　　　　　　　　　**RESPECTFULLY SUBMITED,**

　　　　　　　　　　　　　　　　　*/s/ Roger Roots*
　　　　　　　　　　　　　　　　Roger Roots, Esq.
　　　　　　　　　　　　　　　　　*Counsel for Defendant*
　　　　　　　　　　　　　　　　Roger Roots
　　　　　　　　　　　　　　　　10 Dorrance Street
　　　　　　　　　　　　　　　　Suite 700 #649
　　　　　　　　　　　　　　　　Providence, RI 02903
　　　　　　　　　　　　　　　　775-764-9347
　　　　　　　　　　　　　　　　rroots@johnpiercelaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on this date my law firm is filing the foregoing with the Court by its ECF record-keeping and filing system, which automatically provides a copy to all attorneys of record.

*/s/ Roger Roots*

Roger Roots